THE CITY OF RENO, NEVADA, a MUNICIPAL CORPORATION, Appellant, v. ROBERT CROFOOT AND JOSEPH WILLIAMS, Respondents.

No. 6421

June 28, 1971                    486 P.2d 486

318

*Clinton E. Wooster,* City Attorney, and *John A. White,* Assistant City Attorney, of Reno, for Appellant.

*Streeter, Sala & McAuliffe,* of Reno, for Respondent Joseph M. Williams.

*Stanley H. Brown,* of Reno, for Respondent Robert Crofoot.

**O P I N I O N**

*Per Curiam:*

By "notice of appeal" filed 28 days after notice that the Second Judicial District Court had granted habeas corpus to respondents, charged in Municipal Court with trespassing, Reno's City Attorney has attempted to appeal.

"[I]n the absence of express statutory authorization, no appeal will lie to the supreme court from such an order or judgment of the lower court, or judge, in a habeas corpus proceeding, where the party being deprived of his liberty is held upon criminal process. This is also the rule at common law." Ex parte Sullivan, 65 Nev. 128, 130, 189 P.2d 338, 340 (1948).

In 1953, our legislature granted district attorneys and the attorney general the right to appeal "within *20 days* from the day of entry of the order," making no mention of city attorneys. Stat. of Nevada, ch. 205, § 1(d) (1953); NRS 34.380(4). Not until after the instant appeal was NRS 34.380(4) amended to allow the same right to city attorneys. Stat. of Nevada, ch. 175, § 1 (1971).

Respondents contend the city attorney had no right to appeal on behalf of appellant, at the time he attempted to do so, for NRS 34.380 did not then grant him such authority; however, assuming that our legislature's 1971 amendment merely declared the intent of the 1953 enactment, it is nonetheless clear that notice of appeal was not timely filed.

Upon motion of respondents, the appeal is dismissed.